**Not Recommended for Publication or Citation**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 07-CV-125-JBC

DAN HULL                                                                                         PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

COMMONWEALTH OF KENTUCKY
    and UNITED STATES GOVERNMENT                                      DEFENDANT

Plaintiff Dan Hull, of Alexandria, Kentucky, has filed a *pro se* pleading initiating a civil action and has paid the district court filing fee.

As Hull is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Consistent with this obligation, the court construes the instant plaintiff's original submission as a civil rights complaint, alleging violations of his due process rights. In his most recent submission, Hull has stated that he has a "need to know exactly where this case stands," which the court will construe as a motion for a status report. The motion will be granted, but this action will be dismissed for the reasons discussed below.

ALLEGATIONS

The plaintiff asks the court to "Stay Any Judgments by the Commonwealth and . . . Review the Thousands of Pages of the Terrorist Action Against a Disabled

American Family Farmer . . . to Determine that I was Denied Due Process and that the Entire Case was an Obstruction of Justice. . . ." Record No. 2.

Attachments to the Complaint are copies of pleadings filed in Kentucky State courts. The first is the Complaint filed in *Commonwealth of Kentucky Environmental and Public Protection Cabinet v. Dan Hull*, Franklin Circuit Court Civil Action No. 07-CI-1117, Division 1, on July 17, 2007. The Complaint reveals that Hull was cited for "various violations of state solid waste and water quality statutes and regulations," was fined, and refused to both pay the assessment and perform the remedial measures required by the Final Order in earlier regulatory proceedings by the Environmental and Public Protection Cabinet.

Another attached pleading is a 2003 Motion and Affidavit to Quash a Subpoena, both filed by the Respondent in a case captioned Commonwealth of Kentucky Natural Resources and Environmental Protection Cabinet File Nos. DOW-25904-039 & DWM-25904-039; and DOW-25924-039 & DWM-25924-039, *Dan Hull v. Natural Resources and Environmental Protection Cabinet*, with Hull designated as the Petitioner and the Cabinet as the Respondent.

Hull also supplies a lengthy response which he wrote in 2003 regarding DWM/DOW-25904-039. In this document, he describes events occurring as his farm was inspected and denies all of the environmental charges against him. Another attachment is Hull's 2005 notice of his intent to take to the State Court of Appeals

the decisions in Kentucky's Franklin and Campbell Circuit Courts and Campbell Circuit, File Nos. DOW-25904-037 & DWM-25904-037.

In the body of the complaint, the plaintiff cites to Kentucky Revised Statutes and regulatory bodies and complains of the proceedings against him in vitriolic language, *e.g.*, Due process "is a cruel hoax in Kentucky," "I am a Pro-Se defendant and plaintiff and that seems to be a Crime in the Commonwealth," and "due process went out the window." He characterizes the actions taken against him as a "hate crime" and describes the source of the proceedings against him as follows:

> The entire case was brought as retribution of my having refused entry to my farm to the NREPC and a disagreement between myself and Kilginder Sanduh, a person on middle Eastern descent only six months after 911 who presented no identification.
> There was and is NO pollution of the environment on this farm. . . . [T]he "hearing Officer" decided that I was liable for 8,500 dollars despite the fact that the case had cost tens of thousands of dollars in the pocket of Counsel for the Cabinet, Richard Bertelson III. The "Finding" was a whitewash of a Crime.
> ALL conditions exist to this day exactly as they were on the day of the deliberate, malicious terrorist attack (Inspection) on me by the NREPC . . .

Record No. 2 at 3.

In a later pleading [Record No. 6], Plaintiff declares that he is amending his complaint. He adds "the United States Government" as a second defendant; demands damages; and asserts his right to a jury trial. In the submission currently before the court [Record No. 11], his construed motion for a status report, Hull complains that he has been prevented from filing papers by a Federal Marshal; opines that he is "being

set up to have this case dismissed on some FORMALITY;" and claims that he has made "multiple demands (motions) that have never been addressed" by this Court.

## DISCUSSION

This complaint, as amended, is subject to pre-screening pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) and *Mansfield v. Niekamp*, 208 F.3d 214, 2000 WL 303017 (6th Cir. 2000).

If a complaint is filed by a non-prisoner and is fee-paid (non-*in forma pauperis*), as is this complaint, a District Court may pre-screen and *sua sponte* dismiss a complaint – and not permit amendment thereafter -- if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). *Sua sponte* dismissal is also appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d at 480. The instant proceeding falls under the *Apple v. Glenn* holding for several reasons.

First, the plaintiff has named the Commonwealth of Kentucky and the United States Government as defendants, and these governments are entitled to sovereign immunity. The Eleventh Amendment prohibits federal courts from entertaining suits by private parties against the states. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

>United States by Citizens of another State, or by Citizens or subjects of any Foreign State.

U.S. Const. Amend. XI.  The Eleventh Amendment precludes actions in which the state is directly named as a party, *Edelman v. Jordan*, 415 U.S. 651 (1974).  Thus, the Commonwealth of Kentucky is entitled to dismissal from the instant lawsuit.

Similarly, the federal courts do not have jurisdiction to consider actions for monetary damages against the United States.  As sovereign, the United States is immune from suit unless its sovereign immunity has been expressly waived.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *The Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 115 (6th Cir. 1988).  And the United States has not waived its sovereign immunity from monetary damages for constitutional torts. *Clark v. Library of Congress*, 750 F.2d 89, 104 (D.C. Cir. 1984).  Therefore, this court does not have subject matter jurisdiction over the plaintiff's constitutional claims against the United States.

Moreover, even if the defendants' identities did not preclude a federal lawsuit against them, the subject matter of the complaint does.  28 U.S.C. § 1257 grants the Supreme Court of the United States appellate jurisdiction over any final decision rendered by the highest appellate court of any of the several States.  In order to give effect to this provision, federal district courts must be held to lack subject matter jurisdiction over an action that effectively serves as an appeal from a state court judgment.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

The doctrine does not apply where the subsequent action merely calls into question the propriety of the prior state court judgment, but it does apply where the subsequent action identifies the prior state court judgment as the source of the injury. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005). The former type of action is governed by ordinary application of principles regarding claim and issue preclusion. *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006).

Thus, the *Rooker-Feldman* doctrine applies where the federal plaintiff identifies the prior state court decision as the source of the injury.

> The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.
> …
> Suppose a state court, based purely on state law, terminates a father's parental rights and orders the state to take custody of his son. If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal. This he may not do, regardless of whether he raised any constitutional claims in state court, because only the Supreme Court may hear appeals from state-court judgments.

*McCormick v. Braverman*, 451 F.3d 382, 392-94 (6th Cir. 2006).

Plaintiff Hull asks this court to declare that the final judgments against him in the state courts violated his constitutionally guaranteed rights, including his right to due process of law and a trial by jury. Because the plaintiff alleges that the state decisions against him violate his constitutional rights and are thus the source of his injury, the *Rooker-Feldman* doctrine applies. These claims could and should have been

6

presented on direct appeal from the judgment.  Perhaps they were or are still pending on appeal.  Regardless, this court lacks subject matter jurisdiction to entertain the plaintiff's claims.  28 U.S.C. § 1257; *Exxon Mobil*, 544 U.S. at 285; *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85-87 (2nd Cir. 2005).

For the foregoing reasons, the plaintiff's complaint will be dismissed without prejudice.  *Apple v. Glenn*, *supra*, and *Mansfield v. Niekamp*, *supra*.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     The Plaintiff's submission which is docketed as a letter at Record No. 11 is **CONSTRUED** as a motion for a status report and said motion is hereby **GRANTED**; and

(2)     this action is **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

Signed on  December 7, 2007



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY

8